IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.   3:21-00109-09

MARCUS ALLEN JOHNSON
    also known as "Mook"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Marcus Allen Johnson's Motion for Revocation of Order of Detention entered by the Honorable Cheryl A. Eifert, Magistrate Judge, on August 17, 2021. ECF No. 326. In the Detention Order, the Magistrate Judge found that Defendant "offered no specific evidence to rebut the presumption" of dangerousness. *Detention Order*, at 2, ECF No. 231. However, Defendant asserts he presented unimpeached evidence from his fiancée that he was not a danger to the community and helped her with childcare. Defendant also states the evidence shows he was not a high-level dealer and had limited connections to the alleged drug conspiracy. Additionally, Defendant claims that he voluntarily turned himself in to authorities after he learned that the FBI was looking for him. Therefore, Defendant seeks to be released on a standard $10,000 unsecured personal bond, with electronic monitoring and any other conditions the Court finds appropriate.

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. 18 U.S.C.

§ 3142(e)(1).[1] As Defendant in this case is charged with a controlled substance offense carrying a maximum term of imprisonment of ten years or more under the Controlled Substances Act and the Court finds probable cause exists, detention is presumptively appropriate.[2] 18 U.S.C. § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]"). Therefore, it is Defendant's burden to produce evidence to suggest that the presumption is unwarranted in his case. *Id.*

After reviewing *de novo* the Detention Order pursuant to 18 U.S.C. § 3145(b)[3] and considering Defendant's arguments, the Court **FINDS** by clear and convincing evidence that no condition or combination of conditions which this Court could establish will assure Defendant's

---

[1]This section provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

18 U.S.C. § 3142(e)(1).

[2]Defendant is charged in Count One of the Indictment with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and in Counts Thirty-Four and Thirty-Five with using a communication facility in committing, causing, and facilitating a felony controlled substance offense in violation of 21 U.S.C. § 843(b).

[3]Section 3145(b) provides, in part: "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the order." 18 U.S.C. § 3145(b), in part.

appearance as required and/or the safety of other persons and the community. Although Defendant contends he is not a danger, he is no stranger to this Court, and the Court doubts Defendant's representations.

In a prior case before this Court, Defendant pled guilty to and was sentenced for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Johnson*, 3:06-cr-220 (S.D. W. Va. 2006). Defendant was released from incarceration and began supervision on November 28, 2011. On June 18, 2013, Defendant had his supervised release revoked for controlled substances and a variety of other supervised release violations. Defendant began his second term of supervised release on April 12, 2014, which was thereafter revoked for absconding from community confinement on May 17, 2014. Following his third term of supervised release that began on January 7, 2016, Defendant had numerous noncompliance summaries filed against him from his release through 2018. Now, Defendant is charged with new controlled substance offenses.

Investigators in this case believe Defendant was assisting co-defendant William Raeshaun Byrd in locating buyers for large quantities of cocaine and oxycodone and Defendant was receiving large quantities of fentanyl from Byrd. Although Defendant claims he reported to authorities as soon as he knew the FBI was looking for him, the Court is unconvinced. Agents began executing arrest warrants on July 29, 2021. When agents were unable to locate Defendant, they called his targeted phone, which was answered with no response. Agents called back and left a voicemail, stating a warrant was issued for Defendant's arrest. Although Defendant was

requested to turn himself into authorities, he waited twelve days to do so. The pretrial services report also indicates Defendant previously has fled from law enforcement and has failed to appear for scheduled court appearances.

Accordingly, based upon the information available to this Court and its *de novo* review, the Court agrees with the Magistrate Judge's decision to detain Defendant under the criteria found in § 3142. Thus, the Court **DENIES** his Motion for Revocation of Order of Detention.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

    ENTER:    October 28, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE